UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| ALLEN COMSTOCK and CHERYL COMSTOCK, : : : | |
| Plaintiffs, : : | |
| v. : : | Case No. 1:16-cv-8-jgm |
| BLUE STAR SERVICES LLC and ZUHDIJA HUSIC, : : : | |
| Defendants. : : | |

RULING ON DEFENDANTS' MOTION TO COMPEL
(Doc. 36)

I. Introduction

Defendants Blue Star Services LLC and Zuhdija Husic (collectively, "Defendants") move to compel Plaintiff Allen Comstock ("Plaintiff") to respond to their first and second sets of discovery requests, seeking principally medical records. (Doc. 36.) Plaintiff alleges a claim of negligence and Cheryl Comstock, his wife, alleges a claim for loss of consortium. (Doc. 1 (Compl.). ¶¶ 8-22.) Plaintiff and his wife seek compensatory damages. Id. at 4. Plaintiff opposes the motion (Doc. 38) and Defendants filed a reply (Doc. 41).

II. Background

This action was filed January 13, 2016, based on diversity jurisdiction under 28 U.S.C. § 1332, and arises out of a motor vehicle accident on January 28, 2013. (Compl.) Plaintiff asserts Defendant Husic, an employee of Defendant Blue Star Services LLC, negligently operated a tractor trailer resulting in an accident involving the bucket truck in which Plaintiff was a passenger. In his complaint, Plaintiff alleges damages for serious and permanent injuries. Id. ¶ 20. Specifically, he alleges his "permanent injuries have resulted in loss of mobility [and] loss of enjoyment of life." Id.

Defendants seek an order requiring Plaintiff to respond to their February 22, 2016 and August 3, 2016 discovery requests. (Doc. 36.) Principally, Defendants seek Plaintiff's medical records from ten years before the accident until the present (Doc. 36-1) and his social security disability and worker's compensation files and income tax returns for ten years before the accident until the present (Doc. 36-5). They assert they cannot properly prepare an adequate defense of Plaintiff's claim without the benefit of the requested information and will be "greatly prejudiced" if it is not provided. (Doc. 36 at 3.) Plaintiff responds he "recognize[s] delays in response to defense counsel's discovery demands," (Doc. 38 at 1) and concludes he has "no objection to providing requested discovery . . . some medical records have not been produced by the medical providers [but he] recognize[s his] obligation to provide additional records as they become available," id. at 4.

III.     Discussion

The Vermont and federal rules regarding the scope and limits of discovery are similar: parties may obtain discovery of non-privileged matters relevant to the pending action. Compare Vt. R. Civ. P. 26(b)(1) with Fed. R. Civ. P. 26(b). In this diversity action, Plaintiff alleges a state law claim of negligence.

Given Plaintiff's recognition of his obligation to provide the requested discovery, Defendants' motion to compel is granted in part. Plaintiff shall produce the following within thirty days:

1. Medical records dated January 18, 2006 to April 7, 2009, including treatment for a 2006 right knee meniscus injury;

2. Pre-accident physical therapy notes;

3. The first four pages of a medical record dated January 15, 2014 by Laurence Thompson of Central Vermont Medical Center;

4. Central Vermont Medical Center physical therapy record dated March 25, 2014;

5. Central Vermont Medical Center medical records dated march 5, 2014, March 19, 2014, May 14, 2014, August 19, 2014, and August 26, 2014;

6. Medical records from March 8, 2016 to the present;

7. Films for any and all x-rays, MRIs, and/or CT scans from January 2003 to the present for any condition, including alleged injuries for which this suit has been brought;

8. A complete copy of social security disability file, if any; and

9. Income tax returns (federal and state) including W-2 forms from January 2003 to the present and copies of all books of account or similar records showing income form any source from January 2003 to the present.

The Court notes Defendants request medical records for left and right hand surgeries in 1997 which are more than ten years prior to the accident, which the Court does not require Plaintiff to produce. See Doc. 36 at 3.

IV. Conclusion

Defendants' motion to compel (Doc. 36) is GRANTED in part and DENIED in part. Plaintiff shall produce the materials outlined above on or before March 3, 2017.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 1st day of February, 2017.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge